## DAILY REALTY CO., Inc., v. SCHMUCK.

(Supreme Court, Appellate Term, First Department.    June 14, 1915.)

MORTGAGES ☞122—CONSTRUCTION—TERMINATION.

 Defendant, on exchange of property, assigned a mortgage bearing 5 per cent. interest as part of the consideration, and also agreed to pay an additional 1 per cent. on the amount of the mortgage on the interest days "during the existence of the mortgage." *Held*, that the liability ceased on foreclosure of the mortgage, as the mortgage was then merged in the judgment.

 [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 225–227; Dec. Dig. ☞122.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by the Daily Realty Company, Incorporated, against Bertha Schmuck. From a judgment for plaintiff, defendant appeals. Modified, by reducing the recovery.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

Brown & Glass, of New York City (Edward A. Brown, of New York City, of counsel), for appellant.

Elfers & Abberley, of New York City (Clarence A. Appleton, of New York City, of counsel), for respondent.

LEHMAN, J. On or about March 31, 1913, the defendant and the Benenson Realty Company, the plaintiff's assignor, entered into an agreement for the exchange of certain properties. As part consideration for the exchange the defendant agreed to assign a second mortgage of $6,000, secured by premises 777 Prospect avenue, having about three years to run. The contract is silent as to the rate of interest on this second mortgage. It appears, however, that the mortgage, which by its terms was payable on the 1st day of March, 1916, bore interest at the rate of 5 per cent. per annum. On May 1, 1913, the exchange was consummated, and the parties then agreed that, in consideration of the closing of title, the defendant should "pay to the Benenson Realty Company, or its assigns, upon the interest days set forth in the said mortgage, 1 per cent. of the said principal sum during the existence of the said mortgage from the date hereof." Thereafter, and on August 1, 1914, the mortgage was foreclosed for nonpayment of interest, and the plaintiff thereupon began this action to recover from the defendant the

sum of $170, being 1 per cent. on the amount of the mortgage from May 1, 1913, till March 1, 1916, the date when the mortgage by its terms was to become due. At the time it was conceded that the defendant had paid interest till May 1, 1914, and she conceded that she owed the plaintiff 1 per cent. interest, amounting to $25, from that date till August 1, 1914, when the mortgage was foreclosed. The learned trial justice, however, held that the defendant had agreed to pay 1 per cent. interest on the amount secured by the mortgage until March 1, 1916, regardless of whether or not the mortgage was previously foreclosed.

In my opinion the interpretation which the trial justice has placed upon the defendant's obligation is not borne out by the written agreement. The defendant might have made a promise to pay 1 per cent. interest till the due date of the mortgage, but she did not do so. She agreed to pay the excess interest "during the existence of the said mortgage," and when the foreclosure was completed the mortgage ceased to exist and became merged in the judgment. Thereafter no sums, either of principal or interest, were payable under the mortgage, but all rights of the parties to the mortgage became fixed by the judgment. Consequently, by the plain terms of the defendant's agreement her obligation to pay interest on the sum secured by the mortgage during its "existence" was terminated. This contract is not only plain on its face, but it apparently secured to the plaintiff's assignor exactly what it intended to obtain. The parties evidently contemplated that the existing 5 per cent. mortgage should in effect be changed to a 6 per cent. mortgage, and the defendant should pay the additional 1 per cent. When, however, the plaintiff elected to declare the whole sum due for nonpayment of interest, then no further interest was payable under the mortgage, but interest at the rate of 6 per cent. was payable under the judgment, and consequently thereafter the plaintiff's right to interest was not affected by the rate fixed in the mortgage.

Judgment modified, by reducing the same to the sum of $25 damages, with appropriate costs in the court below, and, as thus modified, affirmed, with costs of appeal to the appellant; costs of appeal to be set off against the judgment. All concur.